**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NOEL CLARK, JR., BETSY LYNN
CALLAWAY,

        Plaintiffs,

v.                                            Case No. 2:06-cv-405-FTM-99DNF

VERNON KEEN, et al.,

        Defendants.

_____

## ORDER[1]

This case is before the Court on Defendants[2] Curt Mays and Dek Livingston's Motion for Sanctions (Doc. 230) and Plaintiffs' pro se Response. (Doc. 242.)

**I. Background**

On August 9, 2006, plaintiffs Noel Clark, Jr. and Betsy Lynn Callaway, who are proceeding pro se, filed an initial complaint in this Court alleging various federal and state law claims against Defendants Vernon Keen, Curt Mays, Dek Livingston, Duane Randall Morgan, Patty Williams, Edward Davis, Carol Davis, Frank Ribel, Jr., Maurice Andrew Mooney, Tom South, Cindy South, Carolyn South, Ronald Parfitt, Jr., John Doe 1 and John Doe 2. See generally Doc. 1. Since then, Plaintiffs have amended

_____

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Vernon Keen also joined in this motion; he has since been dismissed with prejudice from this case. (Doc. 283.)

the complaint twice. See Docs. 75, 172. Nevertheless, the factual basis underlying Plaintiffs' legal claims remains the same and is set forth at length in Judge Marcia Morales Howard's March 27, 2008 Order. See Doc. 164. The Court need not lay out those facts again because, for the purposes of this Order, only the procedural facts underlying this lawsuit are relevant.

> Plaintiff filed the instant action on August 9, 2006. On November 20, 2006, the Court entered an Order directing Plaintiffs to show cause why this case should not be dismissed based on their failure to file a Case Management Report. Following the Court's entry of the Order to Show Cause, the parties were unsuccessful in their attempts to file a Case Management Report. Accordingly, the Magistrate Judge scheduled this matter for a December 11, 2007, Preliminary Pretrial Conference, in order to set the dates for the Case Management and Scheduling Order. In the Notice, the Magistrate Judge directed all pro se parties to appear in person. Thereafter, the Magistrate Judge rescheduled the Preliminary Pretrial Conference for December 19, 2007 at 1:30 p.m.
>
> A review of the docket reveals that the Clerk of the Court sent Plaintiffs the Notice of Rescheduling Hearing on December 6, 2007. Nevertheless, Plaintiffs failed to appear at the Preliminary Pretrial Conference. Plaintiffs also failed to appear at a January 25, 2008 hearing held by the Magistrate Judge regarding Defendant Maurice Andrew Mooney's failure to appear for a hearing and comply with the Court's orders.

Doc. 160 at 2-3 (internal citations omitted). After Plaintiffs did not attend the December 19, 2007 hearing, the Magistrate Judge recommended that the Court dismiss this case; that recommendation was supplemented when Plaintiffs did not attend the January 25, 2008 hearing. See Docs. 141, 145. The Magistrate Judge reasoned that although "[t]he Court has been very patient with the Plaintiffs. . . . when the Plaintiffs failed to appear for a Court hearing to finally resolve the issues relating

to the scheduling [of] the case, and then failed to appear for a hearing on an Order to Show Cause, the Court must come to the conclusion that the Plaintiffs are no longer prosecuting their case." (Doc. 145.)

Plaintiffs filed Objections to Judge Frazier's Report and Recommendation. (Doc. 156.) Based in large part on the statements contained in those Objections, Judge Howard rejected the Magistrate Judge's recommendation to dismiss the case.

> Upon de novo review, the Court will reject the Report and Supplemental Report and sustain Plaintiffs' Objections. The Court certainly agrees with the Magistrate Judge that the procedural history, as accurately set forth in the Report and Supplemental Report, provides a basis for the Court to dismiss this action for failure to prosecute. However, in the objections, Plaintiffs have provided the Court with information not known to the Magistrate Judge at the time of the recommendations. The Court finds that, in consideration of this additional information, the harsh sanction of dismissal would be premature at this time. **Nevertheless, the Court takes this opportunity to caution Plaintiffs that any further actions on their part which demonstrate a lack of diligence in prosecuting this action or a failure to comply with their obligations will result in the dismissal of their case. Moreover, the Court again reminds Plaintiffs that their pro se status will not excuse them from complying with their obligations.**

(Doc. 160 at 4.) (emphasis added).

The Court entered an Amended Case Management and Scheduling Order on January 9, 2008. That Order set a discovery deadline of July 1, 2008. (Doc. 138.) Discovery did not proceed smoothly. Plaintiffs filed eleven motions to compel during the discovery period. (Docs. 165, 178, 179, 180, 183, 189, 218, 220, 225, 226, 227.) They filed seven motions to extend the discovery deadline. (Docs. 178, 179, 180, 183, 189, 199, 228.) This motion practice met with mixed results; some of the

motions to compel were granted in part, others were denied, and the Court extended the discovery deadline to August 4, 2008 (an extension that was granted in part to give Defendants time to take the depositions of both plaintiffs). However, on July 25, 2008, Plaintiffs filed a Motion to Disqualify the Magistrate Judge. See Doc. 219. In support, Plaintiffs argued (1) that Judge Frazier "does not like pro se litigants in general and that he favors the Defendant's attorneys" and (2) "Plaintiffs are being forced to trial unreasonabl[y] without discovery documents **and the depositions of the Defendants that this Court's own rules entitle the Plaintiffs to**." Id. (emphasis added). That motion was denied on August 6, 2008. (Doc. 232.)

Meanwhile, Defendants were attempting to schedule depositions of both plaintiffs. On June 18, 2008, Plaintiffs provided notice that they would be out of town from June 27, 2008 until July 10, 2008. (Doc. 190.) On July 1, 2008, Judge Frazier extended the discovery deadline for all purposes from July 1, 2008 to August 4, 2008. (Doc. 202.) In a letter dated July 10, 2008, Adriana Jisa, counsel for defendants, addressed the situation as it existed at that time.

> Dear Involved Parties,
>
> As you are aware, pursuant to the Court's Order dated July 1, 2008, the discovery deadline has been extended to August 4, 2008. I have taken the lead in coordinating the deposition dates in order to comply with the Court's Order.
>
> My assistant, Crystal, has sent several faxes and emails in an attempt to coordinate the Plaintiffs Clark and Callaway's deposition, and Co-Defendant Tom South's deposition. Based on the responses received from Mr. Ribel, Mr. Sanderson and Mr. Mooney, I propose the following:

> July 22, 2008 @ 1:00 p.m. - deposition of Tom South
> July 25, 2008 @ 9:00 a.m. - deposition of Clark Callaway
> July 25, 2008 @ 2:00 p.m. - deposition of Betsy Callaway
>
> I have not heard back from Mr. Clark and Mrs. Callaway regarding their availability. Because time is of the essence, please be advised that I will finalize the date and time of these[ ] depositions no later than the end of business on Monday, July 21, 2008.

(Doc. 230-2.) On July 14, 2008, defendants noticed the depositions for the above dates. (Doc. 230-3.)

Plaintiffs received the above correspondence and wrote a letter to Ms. Jisa dated July 16, 2008:

> Dear Ms. Jisa,
>
> We are back in Arcadia and received your many phone messages. We figured you could read and knew we were out of town, Guess not!!! We also got your July 10, 2008 letter yesterday. What do you think you are doing? We have discovery requests out and [d]o not intend to take any depositions until they are received or the Court enters sanctions against the parties for not providing them. You need to tend to your own clients and discovery and not try to run our lawsuit and set any depositions on our behalf. You have been the problem with discovery since the beginning. You want the discovery process to fail and you try to undermine all attempts to successfully accomplish discovery pursuant to the rules of Federal [P]rocedure.
>
> Now that we have arrived home we see no documents from you, pursuant to your claim at Curt Mays deposition that you mailed them out. When we left Arcadia, we put a big sign on the ranch gate that states for any special deliveries to call a phone number. We had calls regarding other packages and deliveries but none concerning your package that was purported[ly] mailed long ago. We plan to file a motion to compel and for sanctions against Curt Mays, immediately. July 25, 2008 is not an acceptable date and we would like our depositions scheduled right after Vernon [K]een gives his. If you have a problem with that we can take it up with the Judge. You seem to think your clients don't have to

> follow the rules of Federal Procedure. It must be catching because your clients don't seem to think they need to follow any laws at all and that is the entire problem here.

(Doc. 230-4.)

According to Defendants' motion, "[o]n July 24, 2008, [Ms. Jisa's] assistant called and left a voice-mail for Mr. Clark and Mrs. Callaway confirming their depositions noticed for July 25, 2008." (Doc. 230 at 2.) In response, Plaintiffs faxed the following correspondence to Ms. Jisa

> Please be advised that Crystal left yet another message on our machine today about the depositions you took it upon yourself to set without our approval or consent. You also wrote us a letter admonishing us for even the thought of setting any depo date without setting it with you first, we would expect the same consideration from your office.
>
> We have previously sent you two letters explaining that we will not be available for deposition on the 25th, this was never an agreed date. We will not be attending.
>
> I am not sure what is wrong with your assistant Crystal but she seems to think that if she says it enough times it will be true, this is not the case. We have never agreed to this date and will not attend. We will be happy to make another date for the same date Vernon Keen gives his deposition after he provides discovery documents.

(Doc. 230-5.) Plaintiffs did not appear for either of their depositions on July 25, 2008. (Doc. 230-7.)

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed.R.Civ.P. 41(b).

Rule 37(d)(1)(A) provides, in relevant part, that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Id. The referenced subsections provide that a court may dismiss the action or any part thereof as a sanction. Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi).

Nevertheless, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" See United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal is appropriate "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process . . . ." See Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982). However, a "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 dismissal." See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the

court's orders." Id.

## **III. Discussion**

Plaintiffs' failure to attend their deposition was a willful violation of Rule 37. In large part, the facts as recited above speak for themselves. However, an additional issue must be discussed to fully illustrate Plaintiffs' obstinance in this matter. In their July 16, 2008 letter, Plaintiffs write that "July 25, 2008 is not an acceptable date and we would like our depositions scheduled right after Vernon [K]een gives his. If you have a problem with that, you can take it up with the Judge." (Doc. 230-4.) In the July 24, 2008 fax, Plaintiffs write that, "[w]e will be happy to make another date [for the deposition] for the same date Vernon Keen gives his deposition after he provides discovery documents." (Doc. 230-5.) The deposition of Vernon Keen, Sheriff of DeSoto County, Florida, is a recurring issue in this case. Plaintiffs twice moved to compel his deposition prior to the discovery cut-off date. See Docs. 165, 179. The Court twice denied those motions "due to Sheriff Keen being a high-ranking official and due to the Plaintiffs' failure to provide any evidence that Sheriff Keen had personal knowledge of the events that occurred." See Docs. 168, 184. As can be seen from Plaintiffs Motion to Recuse the Magistrate Judge, Plaintiffs knew that Defendants had the right to take their depositions as party opponents. In this light, Plaintiffs refusal to submit to deposition until after they had the opportunity to take Keen's deposition (which the Court had twice previously refused to compel) was a frivolous position. Considering the history of the case and Judge Howard's previous

warning, this behavior is unacceptable.

In both their personal responses to counsel and their responsive memorandum, Plaintiffs attempt to provide justification for not attending their deposition. One of Plaintiffs' arguments, dealing with the deposition of Vernon Keen, is dealt with supra. However, Plaintiffs also argue that they were out of town from June 27 until July 10, 2008, a fact that was properly noticed to both Court and counsel. Accordingly, Plaintiffs were therefore unavailable when counsel was attempting to coordinate the deposition date. This is true. However, the original discovery deadline in this case was July 1, 2008. On July 1, the Magistrate Judge extended that date to August 4, 2008. It was reasonable for counsel to immediately attempt to schedule her remaining depositions so as to complete them prior to the discovery deadline. In any event, Plaintiffs do not argue that they did not receive proper notice of their deposition, that they proposed an alternative deposition date prior to the discovery deadline, that they sought a protective order from the Court[3] or that they were truly unavailable for the date set by counsel. Plaintiffs were required to submit to their properly noticed depositions on July 25, 2008; their failure to do so was a willful violation of the Federal Rules of Civil Procedure.

Dismissal is the only remedy that will suffice in these circumstances. Judge

---

[3] Plaintiffs' pro se status is no defense for failing to file a motion for protective order; in their motion located at Doc. 227 seeking to compel discovery from defendant Vernon Keen, Plaintiffs note that "[t]o date no Motion for Protective Order has been filed and Plaintiffs are entitled to this information . . . ." (Doc. 227 at 4.) Thus, Plaintiffs knew what a protective order was and they certainly have demonstrated that they know how to file motions.

Frazier recommended that this case be dismissed for failure to prosecute on January 14, 2008. In overruling that recommendation, the Court warned Plaintiffs that "<u>any further actions on their part which demonstrate a lack of diligence in prosecuting this action or a failure to comply with their obligations will result in the dismissal of their case.</u>" <u>See</u> Doc. 160 at 4 (emphasis in original). Plaintiffs' violation of the rules in this case was not a reasonable mistake or an unintentional lapse in diligence. Instead, their conduct was a flagrant and willful refusal to do something which Plaintiffs knew they had an obligation to do. Dismissal of their case is the only appropriate remedy. Accordingly it is hereby

**ORDERED:**

1. Defendants Curt Mays and Dek Livingston's Motion for Sanctions (Doc. 230) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

2. All other pending motions (Docs. 175, 192, 195, 252, 258, 259, 260) are **MOOT**.

3. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of January, 2009.

*(signature)*
**TIMOTHY J. CORRIGAN**
United States District Judge

jcd
Copies:
counsel of record, <u>pro se</u> party

-10-